UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3:16-CR-104 |
| v. ) | |
| ) | JUDGE VARLAN |
| **JOSHUA ALAN BELCHER,** ) | |
| ) | |
| **Defendant.** ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, submits this Sentencing Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

The United States has reviewed the PSR dated March 27, 2017, prepared by Joseph Cuccia, United States Probation Officer. The United States has no objections to the PSR. *See* Doc. 26.

## INTRODUCTION

The United States respectfully requests that the Court impose a sentence that includes a term of imprisonment toward the middle of the advisory Sentencing Guidelines range calculated in the PSR, *i.e.*, 151 to 188 months, to be followed by a term of supervised release of 25 years. The United States believes that the recommended sentence is sufficient, but not greater than necessary, to accomplish the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) and would be an appropriate sentence in this case.

The defendant pleaded guilty without a plea agreement to Counts 1 through 3 of the Indictment charging him with knowingly distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and to Count 4 charging him with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). As summarized in Paragraphs 6 through 12 of the PSR,

the defendant distributed child pornography via the Internet with software that allows computer users to share child pornography, through what are commonly known as "peer-to-peer" networks. On three occasions beginning on October 23, 2015, law enforcement officials acting in an undercover capacity were able to access child pornography located on the hard drive of the defendant's computer and download it.  PSR ¶¶ 7-9.  Pursuant to a federal search warrant, the defendant's computer was seized and forensically examined.  PSR ¶¶ 10.  The forensic examination revealed that the defendant was in possession of a substantial cache of digital images and video files depicting young children engaged in sexually explicit conduct, including particularly graphic depictions of sadistic behavior and bondage involving children.  PSR ¶ 10.  The defendant had also knowingly shared 337 gigabytes[1] of his child pornography files via the peer-to-peer software.  *Id.*

**Nature and Circumstances of the Offenses/History and Characteristics of Defendant**

Under 18 U.S.C. § 3553(a)(1), the Court is required to consider the nature and circumstances of the offense and the history and characteristics of the defendant.  An undercover investigation determined that the defendant was obtaining and making child pornography available to others on the Internet via peer-to-peer software.  He was found to be in possession of a substantial collection of child pornography, as described and summarized above.

The defendant's criminal history is summarized in Paragraphs 35 through 41 of the PSR and his personal characteristics are summarized in Paragraphs 42 through 44 of the PSR.  In summary, the defendant is a young man with no criminal history who, prior to his arrest in the instant case has

---

[1] By way of example, a gigabyte roughly equates to over 15,000 image files. https://www.lexisnexis.com/applieddiscovery/lawlibrary/whitePapers/ADI_FS_PagesInAGigabyte.pdf.  Consequently, defendant shared the equivalent of roughly 5 million image files via peer-to-peer file sharing software.

lived with his mother; he has had no contact with his father since childhood. Defendant's mental and emotional health is summarized in Paragraphs 46 and 47 of the PSR.

The defendant graduated from high school and has had no further education. PSR ¶ 49. He has never been employed. PSR ¶ 50.

**Sentencing Purposes Set Forth in §3553(a)(2)**

Further, pursuant to 18 U.S.C. § 3553(a)(2), the Court should consider the need for the sentence to:

    (a)    reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

    (b)    afford adequate deterrence to criminal conduct;

    (c)    to protect the public from further crimes of the defendant; and

    (d)    to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

A sentence toward the middle of the advisory Guideline range is justified and appropriate in this case. The United States has a compelling interest in protecting children from individuals like the defendant who seek to exploit them through the circulation of images and videos of their sexual abuse on the Internet. The child sexual exploitation statutes intend to provide just punishment for the child pornography offenses that the defendant committed. As amply chronicled in the Sentencing Commission's *The History of the Child Pornography Guidelines*,[2] Section 2G2.2 of the Sentencing Guidelines is the product of careful Congressional and Commission consideration of the appropriate sentences to be imposed for child pornographers like the defendant. The continued

---

[2] Http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/sex-offenses/20091030_History_Child_Pornography_Guidelines.pdf

Congressional focus on additional protection of children from those who would exploit them by various means, including via the Internet, strongly indicates that a substantial sentence toward the middle the Guideline range is warranted to reflect the seriousness of the offenses.

Also, the appellate courts have repeatedly stressed the strong societal interest in imposing punishment which reflects the seriousness of child exploitation crimes and provides just punishment. For example, in *United States v. Presto*, 498 F.3d 415, 421 (6th Cir. 2007), the Court noted:

> As the Supreme Court has recognized, the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children in at least two ways. First, the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. Second, the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled.

Child pornography destroys the lives of children, leading to a lifetime of internal torment, shame, and psychological devastation. Those who collect pornographic images of children and distribute them to others allow the market for child pornography to exist and flourish and fueling the appetite for new abuses of children. Those children who were initially abused in the production of the pornographic materials face ongoing exploitation, as images of their abuse and suffering are placed in infinite, indefinite circulation from one individual to another around the world via the Internet. If no market for child pornography existed, children would not be exploited in this manner.

**Consideration of the Sentencing Guideline Range**

The Court should give consideration and deference to the kinds of sentences available and the sentencing range established for the applicable category of offense committed by the applicable category of defendant. 18 U.S.C. § 3553(a)(4). The United States agrees with the Probation

Officer that no factors would warrant a downward departure or variance from the advisory Sentencing Guideline range. *See* PSR ¶¶ 87 through 88.

A sentence toward the middle of the advisory Sentencing Guidelines range would avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

## CONCLUSION

For the reasons set forth above, the United States respectfully submits that a term of imprisonment toward the middle of the advisory Sentencing Guidelines range of 151 to 188 months in prison, to be followed by a term of supervised release of 25 years, is an appropriate sentence under the circumstances of this case and would be sufficient, but not greater than necessary, to accomplish the sentencing purposes embodied in 18 U.S.C. § 3553(a)(2). In particular, the United States believes that the size and nature of the defendant's child pornography collection which the defendant made available to others, coupled with the substantial length of time in which the defendant has been accessing and viewing child pornography, justifies the recommended sentence. However, the United States intends to offer argument and proof at the sentencing hearing in support of its position on sentencing as it deems appropriate and as the Court permits.

Respectfully submitted this 10th day of May, 2017.

                        NANCY STALLARD HARR
                        UNITED STATES ATTORNEY

By:   *s/ Matthew T. Morris*
       Matthew T. Morris
       Assistant United States Attorney
       800 Market Street, Suite 211
       Knoxville, TN 37902
       (865) 545-4167

## CERTIFICATE OF SERVICE

   I hereby certify that on May 10, 2017, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

            By: *s/ Matthew T. Morris*
               Matthew T. Morris
               Assistant United States Attorney